Dear Secretary Truly:
We are in receipt of your request for an Attorney General's opinion regarding delinquent special assessments collected by the Department of Labor (the "Department") on or after September 1, 1993, under R.S. 23:1532.1. Apparently, some employers assessed in accordance with the provisions of R.S. 23:1532.1 did not pay their assessments when due. The Department is, therefore, still collecting delinquent assessments, even though it ceased assessing the special assessment on September 1, 1993, the date of defeasement of the bonds which were issued under authority of R.S. 23:1532.1 (the "Bonds").
It is our further understanding that the proceeds of the Bonds were utilized to repay all advances made to the State of Louisiana from the federal Unemployment Trust Fund and that no monies are currently owed to the Department of the Treasury for such federal advances.
Specifically, you ask:
(1) Whether the Department has authority to transfer such delinquent special assessments collected to the U.S. Treasury for deposit in the Unemployment Compensation Fund to be applied therein in a manner consistent with the Louisiana Employment Security Law?
(2) Whether the Department is to utilize such delinquent special assessments collected for any lawful purposes of the Department that are authorized pursuant to R.S. 23:1532.1 and if so, what are the lawful purposes authorized by such section?
(3) Whether legislation must be enacted to provide for application of such delinquent special assessments collected?
The provisions of R.S. 23:1532.1 which are pertinent to your inquiry are Sections B.(2) and C.(1) and (2). Those Sections provide:
 "[B.](2) All special assessment payments shall be credited to a special account of the Employment Security Administration Fund or its successor to be held by the administrator separate and apart from all other funds or accounts created by this Chapter. Amounts credited to said special account shall only be applied pursuant to the provisions of this Section and Article VII, Section 9(A)(3) of the Louisiana Constitution of 1974 and neither the state nor any agency thereof nor the United States Treasury shall have any prior or future claim thereon."
 "C.(1) Proceeds of such special assessment received each fiscal year shall be irrevocably pledged and dedicated for the following purposes and in the following order of priority:
 (a) For the payment of amounts due or to become due on bonds, notes, certificates, other evidences of indebtedness (or reimbursement obligations owing to the issuer of a credit facility with respect to such bonds, notes, certificates or other evidences of indebtedness) issued by the authority pursuant to the provisions of this Section as shall be set forth by written contract between the administrator and the authority for such purposes as the issuer of such bonds, notes, certificates, or other evidences of indebtedness including but not limited to:
 (i) Financing, refinancing, refunding or advance refunding any payment required or obligation arising under this Section or under the provisions of 42 U.S.C.A. Sections 1321 and 1322,
 (ii) Repaying amounts owed or to be owed to the United States Treasury resulting from advances made to the state by the federal government under the provisions of 42 U.S.C.A. Section 1321 including interest thereon,
 (iii) Refunding bonds, notes, certificates, or other evidences of indebtedness referred to in R.S. 23:1536(F)(3), and
 (iv) Funding capitalized interest and/or debt service reserve funds on, and payment of costs of issuance of, such bonds, notes, certificates, or other evidences of indebtedness referred to in this Subparagraph;
 (b) For paying costs annually incurred that are associated with such bonds, notes, certificates, reimbursement obligations or other evidences of indebtedness, including but not limited to trustees' and paying agents' fees and expenses and credit facility fees and expenses; and
 (c) For any lawful purposes of the Department of Labor that are authorized pursuant to this Section; however, nothing herein shall be construed as authorizing proceeds of the special assessment to be utilized to pay benefits.
 (2) The order of priority stated in the preceding sentence is not intended to preclude the use of the special assessment for the purposes specified in (c) above after the application therefor as specified in (a) and (b) above." (Emphasis supplied)
It is the opinion of this office that R.S. 23:1532.1B.(2) requires delinquent special assessments collected by the Department to "be credited to a special account of the Employment Security Administration Fund". It is the further opinion of this office that once deposited into the Employment Security Administration Fund, the proceeds of the delinquent special assessments can only be utilized in accordance with R.S.23:1532.1C.(1), as such proceeds are "irrevocably pledged and dedicated" by that section of the statute to the purposes listed in R.S. 23:1532.1C.(1)(a) through (c). We note that these provisions only authorize the expenditure of the proceeds of the special assessment for use in connection with repayment of the Bonds and other advances from the Unemployment Trust Fund.
In answer to your first question, it is the opinion of this office that the Department does not have the authority to transfer delinquent special assessments collected after September 1, 1993 to the U.S. Treasury for any purpose other than as set forth in R.S. 23:1532.1.
In answer to your second question, we note that once the proceeds of the special assessment have been utilized for the purposes and in the order of priority listed in R.S.23:1532.1C.(a) and (b), that R.S. 23:1532.1C.(1)(c) authorizes the Department to utilize the proceeds of the special assessment for "any lawful purpose of the Department as contained in this Section". However, the only "lawful purposes" contained within Section C of R.S. 23:1532.1 are those contained in Subsections (a) and (b) of Section C.
Since the Bonds have been defeased and since all obligations for advances from the federal Unemployment Trust Fund have been met, the Department has met the requirement placed upon it to use the proceeds in accordance with the purposes and priority set forth in Section C of R.S 23:1532.1. However, R.S. 23:1532.1 provides for no other use of the proceeds of special assessment.
As such, and in answer to your third question, it is our opinion that legislation will have to be enacted to provide for the use of the delinquent special assessments collected since September 1, 1993.
We trust this adequately responds to your request. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZ:jav 0451n